RECEIVED
IN LAKE CHARLES, LA
APR - 3 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| ROSARIO GAMBINO<br>ALIEN NO. A12-392-286<br>VS.<br><br>MICHAEL CHERTOFF, ET AL | CIVIL ACTION NO. 08-1955<br><br>SECTION P<br>JUDGE MINALDI<br>MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff, Rosario Gambino, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)[1] on December 12, 2008. Plaintiff is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He is currently detained at the Federal Detention Center (FDC), Oakdale, Louisiana where he is awaiting removal to Italy. He sues former DHS Secretary Michael Chertoff, former United States Attorney General Michael B. Mukasey, Julie Myers (who he identifies as the Assistant Secretary of DHS), Gary E. Mead (who he identifies as Acting Director, Office of Detention and Removal), Thomas Giles ("Seattle Office"), and 20 unnamed "United States agents, employees, and/or representatives." He claims that these defendants attempted to remove him in April 2008 in violation of a stay order issued by the United States Ninth Circuit Court of Appeals. He prays for compensatory and punitive damages in an unspecified amount.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

[1] In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983. It appears that all of the defendants are agents or employees of the federal government.

## *Background*

Plaintiff, a native of Italy, was convicted of various drug related offenses in 1984 and sentenced to serve 45 years imprisonment. When he was released from the custody of the Federal Bureau of Prisons in September 2006, he was taken into the custody of ICE. In September 2007 the Immigration Judge in San Pedro, California granted plaintiff's request for deferral of removal. This order was appealed. On March 26, 2008 the Bureau of Immigration Appeals reversed the Immigration Judge and vacated the deferral of removal. On April 1, 2008, ICE Agents removed plaintiff from the Federal Detention Center Sea-Tac in Seattle, Washington and flew him to the New York/New Jersey area. On April 2, 2008 DHS Agents arranged for plaintiff's removal to Italy via Delta Flight 148 leaving JFK Airport in New York at 5:05 p.m. on that same date.

Plaintiff's immigration attorney was contacted and he immediately filed a Petition for Review and Request for Stay in the United States Ninth Circuit Court of Appeals. The Ninth Circuit granted the Stay Order and the various defendants were notified. Nevertheless, according to plaintiff, he was placed on the airplane for removal and would have been removed to Italy in violation of the Stay Order had he not suffered a seizure which necessitated his removal from the airplane.

Plaintiff was detained in a detention center in New York until April 7, 2008 when he was transferred to the LaSalle Detention Center in Louisiana. On the following day he was transferred to FDC Oakdale. On December 12, 2008 he filed the instant complaint in which he alleged that the defendants named above, "acted willfully and wantonly and in deliberate indifference to [his] due process rights under the Fifth Amendment by illegally attempting, on two occasions, to deport [him] in violation of 8 U.S.C. §1252 and the Ninth Circuit Stay Order." Doc. 1, ¶44.

2

## Law and Analysis

Plaintiff claims that venue is proper in this district under 28 U.S.C. § 1391 because he "is physically detained in this district..." and the "purpose of the venue statute is to provide convenient forum for trial, balancing equities and fairness to each party." Doc. 1, ¶ 8.

Venue in a *Bivens* action seeking money damages from federal agents in their individual capacities is governed by 28 U.S.C. § 1391(b). *Stafford v. Briggs*, 444 U.S. 527, 544, 100 S. Ct. 774, 784, 63 L. Ed. 2d 1 (1980). Title 28 U.S.C. § 1391(b) permits venue only in the judicial district <u>where all the defendants reside</u> or in which a <u>substantial part of the events or omissions giving rise to the claim occurred</u>. Plaintiff has not alleged the residence of any of the defendants, however, it is clear from the face of the pleadings that none of them reside in the Western District of Louisiana.[2] Further, it would appear that the events giving rise to his claim occurred either in New York City or Seattle, Washington. Since it is unclear where venue would be more appropriate, transfer of this case pursuant to 28 U.S.C. § 1404 is inappropriate. Therefore,

**IT IS RECOMMENDED THAT** the Civil Right Complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) be **DISMISSED WITHOUT PREJUDICE** for having been filed in a court of improper venue.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond

---

[2] According to plaintiff, the 20 "John Doe" defendants were notified of the Ninth Circuit's Stay Order on April 2, 2008 "at JFK airport." Doc. 1, ¶26.

3

to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Lake Charles, Louisiana, \_\_\_\_April 2\_\_\_\_, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE